UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JERRY YEAGER d/b/a THE BROWSERY SHOP                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:03CV-261-S

OUTLAW STREET CAR ASSOCIATION, LLC et al.                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This action alleging copyright infringement, breach of contract, and malicious prosecution was filed on April 28, 2003. At that time, the parties were represented by counsel. The complaint was drafted and filed by the law firm of Middleton Reutlinger on behalf of the plaintiff, Jerry Yeager d/b/a The Browsery Shop. The defendants, Outlaw Street Car Association, LLC ("OSCA"), Kevin Thornsberry, and James Chad Hardison, proceeded to defend against this action also with the assistance of counsel. Hardison filed an answer and counterclaim for conversion against Yeager. Thornsberry and OSCA answered and cross-claimed against Hardison for indemnity.

Discovery deadlines were set in the case, and the magistrate judge held a settlement conference. The parties were unable to reach a settlement. Discovery deadlines were extended to March 21, 2005 and the dispositive motion deadline was extended to May 20, 2005. On January 18, 2005, counsel for Yeager was permitted to withdraw from the case. It was represented to the court in the motion to withdraw that Yeager had indicated his intention to engage substitute counsel. Since the time of the release of his counsel from the case, Yeager has proceeded in this matter *pro se*.

In August, 2005 a Show Cause Hearing was conducted by the magistrate judge. The parties agreed to divide the cost of preparation of an expert report among themselves, each parties received a copy of the expert's report, and a settlement conference was scheduled for August 29, 2005. Again, no settlement was reached. On September 1, 2005, a notice was filed with the court that the parties would not agree to proceed before the magistrate judge for trial.

Over four months later and eight months past the dispositive motion deadline, Yeager filed a *pro se* motion for judgment. The motion was remanded since he did not serve the motion on the other parties to the litigation as required by the Federal Rules of Civil Procedure. On March 31, 2006 counsel for Hardison and on April 26, 2006 counsel for OSCA and Thornsberry moved to withdraw from the case. All counsel for defendants were subsequently permitted to withdraw. No responses were filed to Yeager's motion for judgment by Hardison or OSCA. Therefore, judgment was granted against them. An extension of time was granted for Thornsberry to respond to the motion. He filed a *pro se* response and a motion to dismiss the claims against him.

Despite the untimeliness of these cross-motions, the court took them under advisement. On December 7, 2006, the court denied both motions on the grounds that they were not accompanied by memoranda of law, were virtually devoid of legal citations showing the movants' entitlement to relief, and did not cite facts established by record or affidavit to support their contentions. The court additionally denied a motion filed by Yeager for an award of damages in which no amount was specified nor was there any citation to record evidence justifying any damages. A motion for award of attorney fees and a motion for judgment for a purported failure to file a response were also denied. The court advised the parties at that time that

> The court will recommend that if the current parties wish to continue representing themselves in this action, which is not advisable, they throughly familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of this court in addition to applicable statutory and case law. Failure to do so may result in the imposition of sanctions by this court, *sua sponte*, for wasting the court's time with groundless, ill-prepared, poorly documented, and frivolous motions. Both parties stand advised that if they continue to practice this matter as their own

- 3 -

      attorneys, they will be held to the same standard as any attorney practicing before the United States District Court. The court strongly recommends that the parties seek counsel before proceeding further in this action.

December 7, 2006 Order (DN 58).

      The parties did not take the court's advice. They continue to attempt to litigate this copyright infringement action without assistance. While they have the right to proceed *pro se*, it is especially problematic for untutored parties to attempt to navigate complicated substantive and procedural waters in complex federal litigation. This is especially evident in the most recent round of motion practice which has been filed. (DNs 59-64). Yeager's motion for reconsideration (DN 59) filed apparently in an attempt to satisfy the court's criticism concerning citation of legal authority, is veritable morass of legal citations and quotations made pertinent to nothing. These motions and responses are procedurally deficient, legally unsound, and unhelpful to resolution of this action. They (DNs 59, 60, 62) will be remanded.

      At this juncture, the court concludes that a screening of the remaining claims and the factual bases therefore is appropriate. As no counsel remain to practice this case, and the action has languished on the docket of this court for nearly four years, this action must be treated as a non-prisoner, fee-paid case subject to a *sua sponte* limited screening pursuant to the authority of *Apple v. Glenn*, 183 F.3d 477 (6th Cir.), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). The court finds that, despite the filing of a lawyer-drafted complaint, the case now stands in the posture of a fee-paid *pro se* matter.

      Discovery is closed. Default judgment has been granted as against OSCA and Hardison. As Yeager is the plaintiff herein, he ultimately bears the burden to prove by a preponderance of the evidence any remaining claims against the third defendant, Thornsberry. To date in his attempts at motion practice, Yeager has failed to articulate what these remaining claims are and what record evidence and legal authority support these claims. In the absence of any such articulation by Yeager, these remaining claims must be dismissed *sua sponte* as implausible and devoid of merit.

*Apple*, 183. F3d at 479-480, *citing, Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983).  A jury cannot be permitted to engage in speculation in reaching its verdicts.  Only claims undergirded by admissible, record evidence may be submitted.  Further, a jury may be asked to find facts only in the context of legally cognizable claims for relief.

As noted by the court in our earlier order, assistance of counsel would be highly beneficial in litigating in a complex area of law such as intellectual property.  The court cannot practice the case for the parties.  Unless a triable issue is shown with respect to the remaining claims, they must be dismissed.  The plaintiff will be given an opportunity to file a fact and law summary addressing the remaining claims being asserted against Thornsberry.

Yeager has obtained default judgment as to liability against OSCA and Hardison.  Yeager will also be given an opportunity to file a fact and law summary addressing the damages he seeks against these defendants.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

>   1. The motion of the plaintiff, Jerry Yeager d/b/a The Browsery Shop, for expedited relief from order regarding motion for damages (DN 59) is **REMANDED**.
>
>   2. The motion of the plaintiff, Jerry Yeager d/b/a The Browsery Shop, for expedited relief from order regarding motion for judgment (DN 60) is **REMANDED**.
>
>   3. The motion of the defendant, Kevin Thornsberry, to dismiss the case for lack of prosecution (DN 62) is **REMANDED**.
>
>   4. The plaintiff, Jerry Yeager d/b/a The Browsery Shop, **SHALL FILE A FACT AND LAW SUMMARY, NOT TO EXCEED FIVE TYPED, DOUBLE-SPACED PAGES,** succinctly describing the claims asserted in this case against the defendant, Kevin Thornsberry, with specific citations to record evidence and legal authority supporting such claims.  **Said summary shall be filed within thirty days from the date of entry of this order.**
>
>   5. The plaintiff, Jerry Yeager d/b/a The Browsery Shop, **SHALL FILE A FACT AND LAW SUMMARY, NOT TO EXCEED FIVE TYPED, DOUBLE-SPACED PAGES,** addressing his claim for damages as against defendants Outlaw

- 5 -

Street Car Association, LLC and James Chad Hardison, with specific citations to record evidence and legal authority supporting such claims. **Said summary shall be filed within thirty days from the date of entry of this order.**

**IT IS SO ORDERED.**