UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JERRY YEAGER d/b/a THE BROWSERY SHOP                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:03CV-261-S

OUTLAW STREET CAR ASSOCIATION, LLC, et al.              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court for *sua sponte* review of the remaining claims in this action. As explained in some detail in the March 19, 2007 Memorandum Opinion and Order, this action has languished on the docket of this court for nearly four years. The parties are proceeding *pro se*, all counsel having withdrawn their representation in the matter. Attempts at mediation and settlement were unsuccessful. Discovery in the matter is closed. Default judgment was entered against defendants Outlaw Street Car Association, LLC ("OSCA") and James Chad Hardison who did not respond to the motion for judgment filed by the plaintiff, Jerry Yeager d/b/a The Browsery Shop. The defendant, Kevin Thornberry, did respond, and objected to the motions for judgment against him. He also moved to dismiss the case for lack of prosecution. The cross-motions of these parties were remanded, as they were virtually incomprehensible and were legally deficient. The court ordered the following:

> The plaintiff, Jerry Yeager d/b/a The Browsery Shop, **SHALL FILE A FACT AND LAW SUMMARY, NOT TO EXCEED FIVE TYPED, DOUBLE-SPACED PAGES,** succinctly describing the claims asserted in this case against the defendant, Kevin Thornberry, with specific citations to record evidence and legal authority supporting such claims. **Said summary shall be filed within thirty days from the date of entry of this order.**
>
> The plaintiff, Jerry Yeager d/b/a The Browsery Shop, **SHALL FILE A FACT AND LAW SUMMARY, NOT TO EXCEED FIVE TYPED, DOUBLE-SPACED PAGES**, addressing his claim for damages as against defendants Outlaw Street Car Association, LLC and James Chad Hardison, with specific citations to record

evidence and legal authority supporting such claims. **Said summary shall be filed within thirty days from the date of entry of this order.**

DN 65.

The court noted that the case was in the posture of a fee-paid *pro se* matter subject to *sua sponte* screening of the remaining claims. The court noted that

> As Yeager is the plaintiff herein, he ultimately bears the burden to prove by a preponderance of the evidence any remaining claims against the third defendant, Thornberry. To date in his attempts at motion practice, Yeager has failed to articulate what these remaining claims are and what record evidence and legal authority support these claims. In the absence of any such articulation by Yeager, these remaining claims must be dismissed *sua sponte* as implausible and devoid of merit. *Apple*, 183 F.3d at 479-480, *citing, Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983). A jury cannot be permitted to engage in speculation in reaching its verdicts. Only claims undergirded by admissible, record evidence may be submitted. Further, a jury may be asked to find facts only in the context of legally cognizable claims for relief. As noted by the court in our earlier order, assistance of counsel would be highly beneficial in litigating in a complex area of law such as intellectual property. The court cannot practice the case for the parties. Unless a triable issue is shown with respect to the remaining claims, they must be dismissed.

*Id.*

Employing an apt metaphor, this is the point at which the rubber meets the road. We undertake herein to evaluate the sufficiency of the remaining claims as against Thornberry. The Verified Complaint is the roadmap for the case. We will then evaluate Yeager's claim for damages against Hardison and OSCA against whom judgment has already been entered.

### Claims against Thornberry

There is little in the complaint directed at Thornberry's conduct. With respect to any personal liability of Thornberry, the complaint states on information and belief that at relevant times Thornberry "personally participated in and/or had the ability and right to, and did, supervise, direct, and control the infringing activities" alleged in the complaint. Verified Complaint, ¶ 10.

Yeager attempts to identify evidence to support his claims against Thornberry. The court will paraphrase and then address each paragraph of the Fact and Law Summary.

- 2 -

1. *Yeager claims that Thornberry committed perjury by trying to claim the he had removed all of Yeager's work but that "this did not occur until much later."*

There is no claim for perjury in the Verified Complaint. Further, the document which Yeager contends is perjurous is a 2003 Conference Statement, a document prepared by Thornberry's counsel for use by the court in this litigation. It is an unsworn document which has no evidentiary value with respect to the claims of infringement and breach of contract, the only claims in which Thornberry is named.

2. *Yeager claims that Thornberry "prevented [him] from exercising [his] rights" under 17 U.S.C. § 106 "regarding control of the works in question when he moved the works to other web site hosting servers, servers to which [Yeager] had no access."*

17 U.S.C. § 106 is not an enforcement provision. It delineates the rights of the owner of a copyright to reproduce, distribute or perform the copyrighted works. Yeager has neither explained this purported prevention of the exercise of his rights, nor has he identified any record evidence in support of this allegation.

3. *Yeager claims that Thornberry removed the copyright notice he had placed on his work. He contends that Yeager has violated 17 U.S.C. § 1202 governing integrity of copyright management information.*

None of these facts are alleged in the Verified Complaint, nor is there a claim alleging violation of § 1202. Assuming *arguendo* that such a claim was made, there is no evidence offered by Yeager to support such a claim against Thornberry individually. It appears undisputed that Thornberry is

the current owner of OSCA, LLC, having purchased the business from James Chad Hardison. Default judgment has already been granted against OSCA. There has been no documentation offered regarding this purchase. Yeager has provided a copy of a document which purportedly establishes that in June, 2002 The Browsery Shop was listed in the copyright notice on the OSCA site, and in December, 2002 The Browsery Shop was no longer listed. This document does not establish Yeager's proposition that it was Thornberry who removed The Browsery Shop name from the copyright notice. Yeager's belief that it was so is insufficient. He must provide record evidence establishing individual liability of Thornberry under the copyright statutes.

4. *Yeager offers a number of public message board comments as evidence that Thornberry tried to damage his personal and professional reputation by accusing Yeager of "hack[ing] into their web servers."*

For a number of reasons, this evidence is insufficient. First, there is no defamation claim against Thornberry in the Verified Complaint. Second, there is nothing that identifies Thornberry as the author of the messages. Third, this correspondence apparently appeared on a public internet message board. They were, in fact, part of a public dialogue between Yeager and the author. Finally, the February 23, 2003 post at 13:50:55 to which Yeager refers does not contain a direct accusation of "hack[ing] into their web servers," as Yeager suggests. While the author suggests coincidental timing in some matters, the author also disclaims any certainty in the matter, admitting to being neither a "computer whiz" nor a "detective."

5. *Yeager states that Thornberry "did commit fraud on this Court in trying to sway the decision of this court regarding this case."*

There is no fraud claim in the Verified Complaint. This is an irrelevant aside by Yeager which need not be addressed further.

## Damages

Yeager has filed a Fact and Law Summary pursuant to the Order of the court. He attempts to prove damages against Hardison and OSCA.

The document lists various demands for damages without offering any support for the amounts sought. The only figure which is tied in any way to record evidence is the sum of $26,550.50 reflected in the expert evaluation by Scott Gilbertson of Folio Design Studio. This expert was selected and retained by agreement of the parties and Magistrate Judge Moyer to assess the value of the work purportedly performed by Yeager. The materials he evaluated were provided by the parties. Despite the fact that Yeager now contends to be entitled to much more in damages, this expert report appears to be the only evidence of damages in this record. As damages must be based on some evidentiary showing, not merely a wish and a prayer, the award herein must be limited to the $26,550.00 itemized in the expert report.

## Conclusion

Yeager has been given every opportunity to obtain further assistance of counsel in this matter. He has declined to do so. He has been offered every opportunity to attempt to himself refine and articulate legitimate claims against Thornberry. He has failed to come forward with record evidence which would entitle him to present the claims of the Verified Complaint to a jury. Counts one, two and four of the Verified Complaint must therefore be dismissed as to Thornberry as implausible and devoid of merit.

Yeager has been given the opportunity to come forward with record evidence which would establish entitlement to damages from Hardison and OSCA against whom he holds default

judgments. The only record evidence in this regard is the expert report discussed herein. There is therefore no issue of damages which could be properly presented to a jury. Judgment will be entered in the amount of $26,550.00 as against Hardison and OSCA jointly and severally.

A separate order will be entered this date on accordance with this opinion.